IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARG, LLC,

        Plaintiff,                              No. CIV S-11-3254 GEB EFB PS

    vs.

DHANNY GUANZON,
ROSARIO GUANZON,
and DOES 1-10, inclusive,

                                            <u>ORDER AND</u>

        Defendants.                        <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

       This case, in which defendants are proceeding *pro se*, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On December 8, 2011, defendants removed this unlawful detainer action from Solano County Superior Court, contending that this court has both federal question and diversity jurisdiction. Dckt. No 1. Then, on February 28, 2012, defendants filed a cross-complaint against numerous defendants, as well as an amended notice of removal. Dckt. Nos. 6, 7. The amended notice of removal once again states that this court has both federal question and diversity jurisdiction. Dckt. No. 7.

       Plaintiff originally moved to dismiss this case after defendants' initial removal, and has also filed an amended motion to dismiss based on the amended notice of removal. Dckt. Nos. 3,

1

10. The amended motion to dismiss is noticed for hearing on April 11, 2012. Dckt. No. 10. Plaintiff contends that the case should be dismissed as moot since the underlying action has already been fully adjudicated. *Id.* at 2. In the alternative, plaintiff moves to remand the action to state court. *Id.* at 5-6. Defendants have not opposed the motion.

A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Although defendants' notice of removal and amended notice of removal each contend that this court has diversity jurisdiction, diversity jurisdiction requires complete diversity of citizenship among the parties, as well as a minimum amount in controversy of over $75,000. *See* 28 U.S.C. § 1332. For purposes of diversity, a corporation is a citizen of the state in which it has been incorporated *and* the state where it has its principal place of business. *Id.* § 1332(c)(1). Here, defendants' notices of removal fail to establish complete diversity since neither notice establishes the citizenship of plaintiff. Although the notices state that plaintiff is a citizen of Nevada, they do not state where plaintiff is incorporated or where it has its principal place of business. In a declaration submitted in support of its motion, plaintiff establishes that it is a citizen of *both* Nevada and California since it was incorporated in Nevada but has its principle place of business in California. Brian Decl., Dckt. No. 11, ¶¶ 3, 4; *see also* Dckt. No. 10 at 6.

////

////

////

Because defendants admit that they are citizens of California, Dckt. No. 7 at 3, complete diversity is lacking here.[1]

Additionally, although defendants' notices of removal contend that this court has federal question jurisdiction, Dckt. No. 7 at 3-4, a review of plaintiff's complaint reveals that plaintiff does not allege any federal claims; instead, plaintiff alleges only unlawful detainer under state law. Dckt. No. 1 at 39-41. The presence or absence of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). This is the case where the complaint "establishes either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leashold & Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). Here, plaintiff's one cause of action is for unlawful detainer under state law. Therefore, no federal question is presented on the face of the complaint.[2]

Because defendants have not adequately established that this court has diversity jurisdiction or that plaintiff's complaint alleges a federal claim, the undersigned will recommend that this action be remanded to state court.[3] *See* 28 U.S.C. § 1447(c).

---

[1] Further, because defendants are citizens of California, removal to this court was improper under 28 U.S.C. § 1441(b), which provides that diversity "action[s] shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

[2] Although defendants attempt to raise defenses and counter-claims based on federal laws, the Court lacks jurisdiction over those as well. *See* Dckt. No. 6; Dckt. No. 7 at 3-4. Under the well-pleaded complaint rule, a defendant's claims or defenses may not serve as a basis for removal. *See Takeda v. Northwestern Nat. Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985).

[3] Although plaintiff also moves to dismiss this case, it has not shown that the futility exception to the remand provisions of 28 U.S.C. § 1447, as established in *Bell v. City of Kellogg*, 922 F.2d 1418, 1424-25 (9th Cir. 1991), applies here. *See, e.g., In re Nat'l Security Agency*

Accordingly, IT IS HEREBY ORDERED that the April 11, 2012 hearing on plaintiff's motion to dismiss/remand is vacated.

IT IS FURTHER RECOMMENDED that:

1. Plaintiff's motion to remand, Dckt. No. 10, be granted; and

2. The above-captioned case be REMANDED to the Superior Court of the State of California in and for the County of Solano.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: April 3, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

*Telecommunications Records Litig.*, 483 F. Supp. 2d 934, 945-46 (N.D. Cal. 2007).